132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas B. TURNBOUGH, Defendant-Appellant.
 No. 97-2828.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 12, 1997.*
Decided Dec. 19, 1997.
 
 Appeal from the United States District Court for the Southern District of Ilinois, No. 95-CR-30108-PER; Paul E. Riley, Judge.
 Before CUMMINGS, WOOD, Jr., and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 This is the third time Douglas Turnbough appears before this court appealing his conviction or sentence for various offenses related to his drug trafficking operation. See United States v. Turnbough, Nos. 96-2531 & 96-2677 (7th Cir. May 14, 1997) (unpublished order); United States v. Turnbough, No. 95-2874 (7th Cir. Apr. 8, 1996) (unpublished order). At issue is whether the district court correctly enhanced his sentence under U.S.S.G. § 2D1.1(b)(1) for possessing handguns during a drug trafficking offenses We affirm.
 
 
 2
 Section 2D1.1(b)(1) dictates a two-level increase in the offense level for drug trafficking offenses when "a dangerous weapon (including a firearm) was possessed." The enhancement under § 2D1.1(b)(1) is warranted if the weapon was possessed during the offense of conviction, including during the course of a conspiracy. United States v. Wetwattana, 94 F.3d 280, 283 (7th Cir.1996); see also United States v. Hall, 109 F.3d 1227, 1235 (7th Cir.), cert. denied, 118 S.Ct. 153 (1997); United States v. Cantero, 995 F.2d 1407, 1410 (7th Cir.1993). However, the enhancement is inappropriate if it is clearly improbable that the weapon was connected with the offense of conviction. See United States v. Adams, 125 F.3d 586, 596 (7th Cir.1997); Hall, 109 F.3d at 1235; U.S.S.G. § 2D1.1 comment. (n. 3). We review the district court's determination on this factual question for clear error. Adams, 125 F.3d at 596.
 
 
 3
 Turnbough argues that the enhancement was improper because the guns and the drugs were located in two separate parts of his home: the drugs were in the garage and the guns were in his bedroom. He maintains that the guns and drugs were too far apart for the district court to reasonably conclude that the guns were "connected" to his possession of the marijuana. This argument is beside the point. Turnbough was convicted of, among other crimes, conspiring to distribute marijuana from May to November 1994. The question is whether he possessed the guns during the conspiracy: not whether he possessed the guns at the same time and in the same place he possessed the marijuana. See Wetwattana, 94 F.3d at 284 ("We need not examine the issue of whether Wetwattana possessed the handgun in sufficient proximity to the drug transaction ... [because] [t]he record before us conclusively demonstrates that Wetwattana possessed the handgun during the course of the heroin conspiracy."); United States v. Cantero, 995 F.2d 1407, 1412 (7th Cir.1993) ("Our review is not limited to the evidence dealing with the proximity of the gun and the drugs at the specific time of the arrest, rather, we must determine whether the gun was possessed during the offense, i.e., during the course of the conspiracy.").
 
 
 4
 Turnbough possessed the guns during the course of the conspiracy to distribute marijuana. He points to no evidence suggesting that it was clearly improbable that the guns were connected to that conspiracy. The district court did not clearly err in determining that the enhancement was warranted. Therefore, the district court's judgment is AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the same panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)